288 P.2d 777

C. L. HARKINS, as State Superintendent of Public Instruction, Ernest W. McFarland, C. L. Harkins, Wilfred G. Austin, Gwyneth Ham and Wes Townsend, as members of the State Board of Education, and Richard A. Harvill, L. A. Eastburn and Grady Gammage, as ex officio members of the State Board of Education, Appellants,

v.

SCHOOL DISTRICT NO. 4 OF MARICOPA COUNTY, Arizona, a body politic, on behalf of said School District No. 4 and all other school districts of Maricopa County, Arizona, similarly situate, Appellee.

No. 6087.

Supreme Court of Arizona.
Oct. 18, 1955.

288

Robert Morrison, Atty. Gen., Gordon Aldrich, Asst. Atty. Gen., for appellants.

William P. Mahoney, Jr., County Atty., and Jos. F. Walton, Phoenix, Sp. Counsel for School Affairs, for appellee.

WINDES, Justice.

School District No. 4 of Maricopa County, appellee, filed a complaint on behalf of itself and other school districts similarly situated against C. L. Harkins, state superintendent of public instruction, and the members of the state board of education, appellants, seeking a declaratory judgment. The admitted facts as set forth in the complaint are as follows:

Appellee school district admitted children to the first grade in the event they were to become six years of age during the school year and counted all such children in calculating average daily attendance for the purpose of securing state aid. The state board of education on April 5, 1954, passed a resolution to the effect that pupils under six years of age entered in September could neither be counted nor state or county aid granted for them unless they attained the age of six years by the following December 31st.

Both parties moved for summary judgment. The court granted plaintiff's motion and rendered judgment to the effect that the school districts were entitled in calculating their average daily attendance to count all the children admitted whether they attained the age of six years before or after December 31st. Defendants appeal.

The correctness of the judgment below is dependent upon whether the resolution of the board of education can operate to deprive the school districts of school aid for children allowed to attend who did not reach their sixth birthday until after December 31st of the school year.

■ Article 11, section 1, of the Arizona constitution requires the legislature to provide for the maintenance of schools. The state board of education has only such powers as the legislature may prescribe. Article 11, section 3, Arizona Constitution. We must therefore look to the statutes to determine whether the board has exceeded its power in passing and attempting to enforce the foregoing resolution. Pursuant to its constitutional authority the legislature has provided that there shall be appropriated a certain amount per capita "computed according to average daily attendance in common and high schools during the previous year * * *." Sections 54–601 and 54–601a, 1952 Cum.Supp., A.C.A.1939. Daily attendance so far as applicable for common schools is defined as days in which a pupil in the first, second or third grade attends a minimum of 240 minutes. The board is required to apportion the appropriated funds to the several counties on the basis of average daily attendance. Section 54–602, 1952 Cum. Supp., A.C.A.1939. The latter section of the code was amended by chapter 108, Session Laws 1955, but such amendment in no way affects the provisions to which reference is made. In conferring powers upon boards of trustees of school districts, the legislature provided that the board "may * * * exclude from the primary grades children under six (6) years of age". Section 54–416, 1952 Cum.Supp., A.C.A.1939, as amended, chapter 117, Session Laws 1954. This latter provision necessarily recognizes the implied power to admit children under the age of six.

■ We have no difficulty in discerning the intention of the legislature to be that any child who is legally attending school for the required length of time per day should be counted in calculating the average daily attendance. Under the statute a pupil attending the prescribed minimum minutes per day is to be considered in daily attendance. This means any pupil in legal attendance (with certain exceptions hereinafter mentioned). This view is fortified by the provisions of section 54–602, supra, wherein the board is required to apportion these funds to the several counties on the basis of average daily attendance except that "No allowance shall be made for attendance at schools conducted at night, for attendance of non-resident alien children, nor for wards of the United States for which tuition is paid * * *." If it had been

intended that there also was to be excepted children who reached their sixth birthday subsequent to December 31st of the school year, the legislature would certainly have included them in the exceptions. The state school board is given no power to add another exception. It was never intended that any children legally admitted and not specifically excluded by the statute from the apportionment allowance should be excluded in making such apportionment. With the exceptions provided in the statute, all children legally admitted may be counted in calculating average daily attendance.

To give legal force to the board's resolution could well operate to indirectly cause the exclusion from attendance of all or many children who failed to reach their sixth birthday until after December 31st. The power to admit or exclude children under six years of age rests within the discretion of the board of trustees and not the state board of education. Section 54–416, supra. The powers which the legislature has given the state board of education are found in section 54–102, A.C.A.1939, as amended by chapter 49, section 1, Session Laws 1953. Nothing therein can be construed to give it the power to prescribe how average daily attendance should be calculated nor which children shall or shall not be entitled to state aid.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.