302 P.2d 529

**CHEE LEE, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona
IN AND FOR COUNTY OF MARICOPA,**
Respondent.
No. 6230.

Supreme Court of Arizona.
Oct. 23, 1956.

Frank J. Duffy and Jerman, Jerman & Butler, Phoenix, for petitioner.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for respondent.

Langmade & Sullivan, Moore & Romley, Snell & Wilmer, Phoenix, amici curiae.

WINDES, Justice.

Chee Lee, on April 5, 1955, was issued an off-sale retailer's license to sell beer and wine. Such a license is designated Series No. 10 and authorizes the recipient to sell beer and wine only in the original package for consumption off the premises. The license was issued authorizing its use at the corner of 56th Street and Guadalupe Road in Maricopa County. Thereafter application to transfer the license to Lot 9, Block 1, Lynwood Tract, in Guadalupe was approved by the superintendent of liquor licenses and control on June 21, 1955. On June 28th, J. M. Morris filed an appeal in the superior court against John A. Duncan, superintendent of liquor licenses and control, alleging that the applicant (Chee Lee) did not possess the capabilities and qualifications required by law; that the public convenience will not be served by the issuance of the licenses; that the premises upon which the license was granted are within 300 feet of public school premises; that the quota for Series No. 10 licenses for Maricopa County has been exceeded; and that the public convenience will not be substantially served by the transfer of the license.

The superintendent and Chee Lee moved to dismiss the appeal upon the grounds that it was an attempt to appeal from the original granting of the license and was not filed within the time required by law. The trial court denied the motion to dismiss, proceeded to trial, received evidence on all the allegations set forth in the notice of appeal and made findings of fact to the effect that Chee Lee did not have the legal qualifications to receive the license originally; that the superintendent exceeded the quota in issuing the same; that public convenience and necessity did not require its issuance; and that public convenience and necessity would not be substantially served by transfer of the license. The court on these findings rendered judgment annulling the license as issued and denied the application to transfer the same.

Chee Lee, hereinafter designated petitioner, requested of this court writ of certiorari to the superior court in and for the County of Maricopa, hereinafter designated respondent, upon the ground the respondent exceeded its jurisdiction in trying and adjudicating the validity of the issuance of the license. We issued the writ.

It is clear that the court tried the issue of the validity of the original issuance of the license on an appeal from an order allowing transfer from place to place, the license having been issued nearly three months prior thereto. Respondent contends this was proper for the reason that the superintendent exceeded his jurisdiction in issuing the license. If the superintendent acted within his jurisdiction, the order allowing the issuance becomes final, and its validity cannot be questioned by collateral attack or other-

wise, except by an appeal taken within ten days after the order of issuance. Section 72–109(c), 1952 Supp., A.C.A.1939, A.R.S. 1956, section 4–210. The superintendent acted entirely within his power and jurisdiction in adjudicating qualifications of petitioner and deciding that the public convenience and necessity would be served by the issuance to him of the license. He is supposed to judge these matters. Sections 72–103, 105 and 108, 1952 Supp., A.C.A.1939, A.R.S.1956, sections 4–112, 4–201 and 4–203. No appeal having been taken from the order granting the license, the superior court on an appeal from an order permitting transfer to another location had no jurisdiction to re-examine these questions and for these reasons to adjudicate that the license was void.

Respondent also argues that under the provisions of section 72–108(d), 1952 Supp., A.C.A.1939, A.R.S.1956, section 4–203(C), on application to transfer the same is transferable only after application in the manner provided for original applications. This provision expressly refers to an application from person to person and has no reference to an application for transfer from place to place.

■ One of the bases for declaring the license void was that by its issuance the quota provided by statute was exceeded. This court has decided that the superintendent has no jurisdiction to issue a license which would exceed the prescribed quota restrictions. Mayberry v. Duncan, 68 Ariz. 281, 205 P.2d 364. It is petitioner's position that there is no statutory quota for No. 10 licenses. If this position be sound, the court would exceed its jurisdiction in using this basis for adjudicating its invalidity. The court could not by construction of the statute apply an inapplicable quota any more than it could by judicial legislation apply a quota if none at all were provided by statute. It becomes necessary, therefore, to interpret the statute which prescribes restrictions on the number of licenses the superintendent may issue. So far as pertinent to our problem, section 72–107, 1952 Supp., A.C.A.1939, A.R.S.1956, section 4–206, reads:

"(a) The total number of spirituous liquor licenses issued within a single county shall not exceed:

"1. On-sale retailers' licenses providing for consumption on the premises of all spirituous liquors: 1a. in a county having a population of one hundred thousand [100,000] or more, one [1] license for each two thousand five hundred [2,500] inhabitants; 1b. in a county having a population of twenty-five thousand [25,000] or more but less than one hundred thousand [100,000] one [1] license for each two thousand [2,000] inhabitants; 1c. in a county having a population of less than

twenty-five thousand [25,000], one [1] license for each one thousand [1,000] inhabitants.

"2. On-sale retailers' licenses providing for consumption on the premises of beer and wine, one [1] license for each five hundred [500] inhabitants, including licenses permitting the sale of beer and wine as provided in subsection 1, hereof.

"3. Off-sale retailers' licenses providing for the sale of spirituous liquors, wines, and beer only in the original packages to be taken from and consumed off the premises: 3a. in a county having a population of one hundred thousand [100,000] or more, one [1] license for each two thousand five hundred [2,500] inhabitants; 3b. in a county having a population of twenty-five thousand [25,000] or more but less than one hundred thousand [100,000], one [1] license for each two thousand [2,000] inhabitants; 3c. in a county having a population of less than twenty-five thousand [25,000], one [1] license for each one thousand [1,000] inhabitants.

"(b) No club license shall be considered in determining the legal number of licenses in any county.

"(c) The population of a county shall be deemed to be its population at last determined by the bureau of the census, less the number of Indian wards of the United States residing therein, as shown by such census."

The statute provides for three on-sale and three off-sale licenses: for the sale of all liquors, for the sale of beer and wine, and for the sale of beer only. Section 72–110, 1952 Supp., A.C.A.1939, A.R.S.1956, section 4–209.

It will be observed that under the provisions of section 72–107, supra, only one on-sale (to be consumed on the premises) license for the sale of all spirituous liquor may be issued in Maricopa County (it having more than 100,000 population) for each 2500 inhabitants and one on-sale license for beer and wine for each 500 inhabitants, including licenses for all spirituous liquor, and no restriction for the sale of beer only.

Respondent says that the proper interpretation of section 72–107, supra, places the same quota on all off-sale licenses as on on-sale licenses for all spirituous liquors, one for each 2500 inhabitants. If this contention be correct, the legislature intended to separate the different licenses for on-sale at bars and taverns, allowing a much more liberal restriction for licenses authorizing sale of only beer and wine and no restriction on beer licenses, but in the same section treated them as a unit when dealing with off-sale licenses thereby placing the same restriction on all, including beer only, which is entirely unrestricted as to on-sale.

The purpose of regulation and control in the sale of intoxicating liquors is not to prevent competition, Stanton v. Superior Court, 55 Ariz. 514, 103 P.2d 952, but has for its primary object the elimination of the excessive use of intoxicants thereby eliminating intemperance and social and moral evils that might otherwise be associated with the open bar. Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983. The enactment of section 72–107 must be taken as the adoption of means for accomplishing such purpose.

In searching for the legislative intent we are entitled to consider the overall purpose of the act, Hill v. Gila County, 56 Ariz. 317, 107 P.2d 377, and the reasonableness or unreasonableness of the means adopted for accomplishing such purpose. 82 C.J.S., Statutes, § 326, p. 626. According to the last census the population of Maricopa County was 331,770. Adopting respondent's interpretation, section 72–107 would authorize 660 on-sale beer and wine licenses and an unlimited number of on-sale beer licenses but would authorize only an aggregate of 132 off-sale licenses for the sale of all spirituous liquors, of beer and wine, and of beer alone combined. We believe that an interpretation having such an effect is the equivalent of accusing the legislature of adopting a most unreasonable means for accomplishing the purposes of the liquor control act. Considering the entire section, our view is the legislature intended to limit the off-sale quota to only license No. 9, off-sale of all spirituous liquors.

Another reason why respondent's interpretation should not be adopted is that the superintendent has been construing section 72–107, supra, as placing no restrictions on the number of off-sale beer and wine or off-sale beer licenses since its enactment in 1941. When there has been an administrative interpretation of a statute on which the public has relied resulting in extensive investments, the courts give considerable weight to such interpretation. Presumably, the legislature knew of this interpretation and has made no effort to correct it by amendment. We think we may assume that by reason of the administrative interpretation of this section during the past 15 years there have been issued many off-sale beer and wine and off-sale beer licenses resulting in substantial, good-faith investments by the recipients. Under such circumstances, while the superintendent's interpretation is not binding on us, yet we should give it serious weight and in cases of serious doubt should not adopt a different construction and thereby destroy these rights acquired in good faith. State v. Davenport, 61 Ariz. 355, 149 P.2d 360; Maricopa County v. Trustees Arizona Lodge, 52 Ariz. 329, 80 P.2d 955.

Petitioner questions the jurisdiction of the trial court upon the ground that

in the trial de novo it placed the burden of proof upon him (appellee therein). To support this contention reliance is placed upon our decision in Vazzano v. Superior Court, 74 Ariz. 369, 249 P.2d 837. That decision sustains the action of the trial court in requiring petitioner to carry the burden of proof. It announces the rule that the one with the burden of proof before the superintendent must also carry such burden on appeal in the trial de novo.

Reversed and remanded for appropriate proceedings not inconsistent herewith.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concurring.