347 P.2d 581

Robert H. LONG, Petitioner,

v.

W. W. DICK, Superintendent of Public Instruction, Respondent.

No. 6917.

Supreme Court of Arizona.

Dec. 16, 1959.

Walter Roche and Charles L. Hardy, Phoenix, for petitioner.

Wade Church, Atty. Gen., Betsy C. Frederickson, Asst. Atty. Gen., for respondent.

STRUCKMEYER, Justice.

Petitioner, a resident of Maricopa County, Arizona, and a real property taxpayer in the Buckeye Union High School District, filed this original application in mandamus to compel respondent, the State Superintendent of Public Instruction, to compute the pupils in high school districts by actual attendance, and to certify and apportion monies in the state school fund to the respective counties in accordance therewith. Respondent opposed the issuance of the writ on the ground that pupils need not be actually present in order to

be counted in daily attendance. The dispute becomes important when it is considered that there is now an appropriation of $170 per school child to be allocated according to the correct interpretation of the legislative formula for finding "average daily attendance" in the common and high schools. Laws of 1959, chapter 90.

■ The statute controlling the computation of "daily attendance" insofar as it is here material, by paragraph 3(b), Subsection C, A.R.S. § 15–1212 and Laws of 1959, chapter 90, provides:

> " 'Daily attendance' means * * * For high schools, days in which a pupil is enrolled in and carrying four subjects or the equivalent thereof that count toward graduation as defined by the state board of education, in a recognized high school, but attendance of a pupil carrying less than the load prescribed shall be prorated."

It will be noticed that the statute speaks of "days in which a pupil is *enrolled* in * * * four subjects * * *." The word "enroll" is defined by Webster's New International Dictionary (2d Ed.) as "to register or enter in a list." We recognize that the words "enroll", "register", and "matriculate" are often used interchangeably to mean to be admitted to membership in a body or society, particularly in schools of advanced learning. In the instant case, it is apparent that this meaning is not the meaning conveyed. One may register in a school and enroll in specific courses. This section speaks of enrollment in four subjects and hence does not carry the connotation of registering or being registered as part of the membership of the high school.

The word "carry" or "carrying" is defined by Webster as "to sustain the weight or burden of." Hence, by the first clause of the statute, supra, the literal language used would require no more than that a pupil be enrolled in four subjects and sustaining the burden thereof to be counted toward daily attendance.

■ Were this simply a question of the interpretation of the first clause of the statute, we would be compelled to agree that pupils are not to be counted on the basis of their actual presence in the classroom, but statutes must be construed as a whole. A literal reliance on the language of the second clause leads to a result producing an absurdity. The second clause commencing with the word "but" speaks of "attendance of a pupil carrying less than the load prescribed." Webster defines "attendance" as "the fact of being present." Hence, whereas the first clause by its literal language does not require the actual presence of the pupil, the second clause by the same standard requires presence as a fact. So a pupil carrying four subjects need only be enrolled to be counted for daily attendance, but where carrying three or less subjects must be actually present.

It should be at once emphasized that neither party seeks to construe the statute consistent with its literal language. Both attempt to rationalize the two clauses, thereby obtaining uniformity. Petitioner argues that if the legislature intended that enrolling was the criterion, it would have substituted for the word "attendance" in the second clause the word "enrollment"; that since the word "enrollment" was not used in the second clause and to avoid the obvious resulting absurdity, there necessarily exists by implication the requirement in the first clause that the pupil be in attendance in the classroom before being counted.

Respondent points out the rule of statutory construction that where the language of a statute is plain and unambiguous there is no need to apply other rules of construction, Automatic Registering Mach. Co. v. Pima County, 36 Ariz. 367, 285 P. 1034, and that this court can then only construe the language to mean what it says. Gustafson v. Rajkovich, 76 Ariz. 280, 263 P.2d 540, 40 A.L.R.2d 520. However, respondent also argues that the word "attendance" following the word "but" means "enrolled" as used in the preceding clause. Absurdity is avoided by reading the second clause as the enrollment of a pupil carrying less than the load prescribed shall be prorated. It is thus clear from respondent's own argument that the language of the statute is not plain and unambiguous for respondent must, in order to arrive at his interpretation, substitute "enrollment" for "attendance", two words which cannot by any possible reconciliation be considered synonymous.

Quite obviously, both constructions require support by extrinsic aids to interpretation; so in fairness it should be emphasized that only the end result of the arguments advanced by the parties have been set forth. Both recognize that the cardinal rule of statutory constructions is to ascertain the meaning of the legislature and give it effect if constitutional. Garrison v. Luke, 52 Ariz. 50, 78 P.2d 1120; Hicks v. Krigbaum, 13 Ariz. 237, 108 P. 482. Nor is it otherwise contended but that it is our duty to construe the act, if possible, so it is not inconsistent with the general policy of the legislature, even though in so doing we may be compelled to change the precise language of the act. Garrison v. Luke, supra, and cases cited therein.

We are persuaded to petitioner's views by reason of uninterrupted administrative interpretation since the adoption of the statute in 1947. The various superintendents of public instruction have interpreted "daily attendance" of high school pupils to mean not only the days in which they are enrolled and carrying four subjects, but the days in which the pupil has actually been present. In 1949, some very substantial changes were made to the Act of 1947, but that part relating to daily attendance of high school pupils was unaffected, Laws of

1949, chapter 12, section 1. Again, by Laws of 1955, chapter 108 and by Laws of 1959, chapter 90, the paragraph under consideration was re-enacted without deviation from the language used in 1947 with this one exception: that in the 1955 Act, the words "that count toward graduation" were added after the requirement of "four subjects or the equivalent thereof."

 In our final conclusion in this case, we give controlling weight to the fact that during this twelve-year period, the members of the legislature were repeatedly made aware of the operation of the statute and must have known its administrative interpretation and application. Yet, no change of any material or substantial nature occurred in the method of computing daily attendance for high schools. In such circumstances, although the administrative interpretation is not binding upon us, in cases of serious doubt we will not adopt a different construction. Chee Lee v. Superior Court, 81 Ariz. 142, 147, 302 P.2d 529. Acquiescence in meaning over long periods of time, if not manifestly erroneous, will not be disturbed. Bohannan v. Corporation Commission, 82 Ariz. 299, 313 P.2d 379. We are impressed with the argument that a clearer indication of legislative intent can scarcely be found, and that there is here not merely acquiescence on the part of the legislature, but as a practical effect, an endorsement of administrative conduct.

For the foregoing reasons, it is directed that the peremptory writ of mandamus issue.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.