421 P.2d 906

**Melvin J. MIRKIN, Appellant,**

v.

**SCHOOL DISTRICT NUMBER 38 OF MARICOPA COUNTY et al., Appellees.**

**No. 1 CA–CIV 366.**

Court of Appeals of Arizona.

Dec. 28, 1966.

Rehearing Denied Jan. 26, 1967.

Review Denied Feb. 21, 1967.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Joseph E. McGarry, Phoenix, for appellant.

Robert K. Corbin, County Atty., Maricopa County, by James P. Cunningham, Sp. Deputy County Atty., for appellees.

STEVENS, Chief Judge.

The basic question for our consideration is the availability of A.D.A. (Average Daily Attendance) Funds in relation to children studying a first grade curriculum when the school day exceeds 120 minutes but is less than 240 minutes. For the purposes of this opinion, it is not necessary to consider the claimed error in reaching certain of the trial court's findings of fact, it being our opinion that in adopting those

findings of fact, we find that the trial court was in error in applying the law.

The plaintiff brought a taxpayer's action to test the validity of the use of A.D.A. Funds. He joined as parties defendant the two school districts, the members of the Boards of Trustees of the school districts and other State and County officials. In entering judgment, the trial court found in favor of the State and County officials. This portion of the judgment was not appealed. The balance of the judgment which was entered in favor of the school districts and their boards, is the subject of this appeal. In our opinion, this cause should be resolved as a declaratory judgment without monetary liability on the part of the school districts or the trustees, these defendants being treated in the same manner as were the State and County officials in relation to whom the judgment was not appealed. The trial court established that all parties acted in utmost good faith.

We quote a portion of the trial court's findings of fact:

"II

That the children attending the Beginning First Grade Level of the Madison School District are under the age of six years upon commencement. That the children attending 1–B in the Tempe School District are under the age of six years upon commencement.

"III

That the curriculum being taught the children in Beginning First Grade Levels of Madison School District and 1–B of the Tempe School District is that of a first grade curriculum, consistent with the guides for the first grade from the office of the State Superintendent of Public Instruction. That the said curriculum has been that of a first grade curriculum for each and every period as alleged in both counts of the complaint.

"IV

That the children attending the Beginning First Grade Levels of the Madison School District and 1–B of the Tempe School District have for each and every period as alleged in both of the counts in the complaint attended class for a minimum of 150 to 155 minutes per day.

"V

That the Madison School District and the Tempe School District did during each and every period as alleged in both its counts make claim for Average Daily Attendance funds for the said children attending the Beginning First Grade Levels in the Madison School District and 1–B in the Tempe School District on the basis of one-half's day's attendance.

\* \* \* \* \* \*

"VIII

That for each and every period alleged in the complaint in both its counts the State Superintendent of Public Instruction did approve the request for Average Daily Attendance funds as submitted by the Madison School District for children attending on the basis of one-half day's attendance."

Both school districts maintained the conventional eight grades of primary education. The trial court determined that the funds here in issue were not paid for children attending classes maintaining a kindergarten curriculum, but for the classes maintaining a curriculum recognized for first grade education.

A partial review of the Legislative history is appropriate in order to ascertain the meaning of the statutes. The subject of education is found in Article 11 of the Arizona Constitution, A.R.S. Section 1 thereof provides in part:

"The Legislature shall enact such laws as shall provide for the establishment and maintenance of a general and uniform public school system, which system shall include kindergarten schools, common schools, high schools, \* \* \*"

Section 6 thereof provides in part:

"The Legislature shall provide for a system of common schools by which a free school shall be established and maintained in every school district for at least six

months in each year, which school shall be open to all pupils between the ages of six and twenty-one years."

Section 8 thereof was amended in the 1964 General Election. This Section relates to funds derived from school lands pursuant to the Enabling Act. The amendment authorizes the apportionments of these funds " * * * for common and high school education * * *".

Section 1088 of the 1928 Revised Code of Arizona provided for an annual appropriation " * * * for common and high school *education* * * *" (emphasis supplied), on an average daily attendance formula. Chapter 65 of the Laws of 1933 retained this language in Section 1088 but reduced the appropriation by $5.00 per student. The same Chapter amended Section 1089 of the 1928 Code by adding the following language:

.* * * "Common schools, as used herein, shall be defined to include the first to .eighth grades, inclusive. * * *

."A minimum school day's attendance for pupils of the first and second grades of the common schools shall be not less than ·two hundred and forty minutes, including .recreational periods, but not including the luncheon period; * *. * The school day for the common schools shall be divided into two sessions. The attendance of any child shall not be counted unless he is actually and physically present during one or both of said sessions. Attendance at one session only shall be counted as one-half day's attendance."

·Section 1089 of the 1928 Code became Section 54–602 of the 1939 Arizona Code Annotated. Section 54–602 as it appears in the 1952 cumulative supplement to the 1939 ᶜCode contains the following provisions:

An appropriation " * * * for common school and high school education * * *

·"'common school' means the first to ·eighth grades inclusive.

" 'daily attendance' means: 1. for common schools, days in which a pupil: 1a. of ·the first, second or third grade attends a minimum of two hundred forty [240] minutes; * * * including * * * recreational periods, and in which a pupil regardless of grade is actually present during one or both of the two sessions into which the school day shall be divided, but attendance at one session only shall be counted as one-half day's attendance; * * *"

These provisions have been carried forward without substantial modification.

The keys to be considered in the matter of interpretation are:

1) The term " * * * common school * * * education * * *."

2) A school day for any pupil shall be a minimum of 240 minutes.

3) It is contemplated that school days will be divided into two sessions, and

4) If a student attends but one of the two daily sessions, the school district receives 50% of one day's ADA Funds for that pupil for that session of attendance.

We are not called upon to rule relative to double session schools which have a full schedule in the morning for one group of pupils and a second full schedule in the afternoon for another group of pupils.

The trial court found that the pupils in question were actually receiving first grade education and that their daily attendance was in excess of 50% of the statutory minimum of 240 minutes. However, a pupil who attended the classes in question for the full period of instruction in any one day would not attend 240 minutes. It is our opinion that the statutes do not. authorize ADA payments under these circumstances. The matter as to whether or not payments are to be made is strictly a Legislative function. This determination rests solely with the Legislature pursuant to its constitutional authority. This is made clear by Harkins v. School District No. 4, 79 Ariz. 287, 288 P.2d 777 (1955) and Long v. Dick, 87 Ariz. 25, 347 P.2d 581, 80 A.L.R.2d 949 (1959).

This cause is reversed with directions to take action consistent with this opinion.

WILLIAM W. NABOURS and GEORGE M. STERLING, Judges of Superior Court, concur.

NOTE: Judge JAMES DUKE CAMERON and Judge FRANCIS J. DONOFRIO having requested that they be relieved from the consideration of this matter, Judge WILLIAM W. NABOURS and Judge GEORGE M. STERLING of the Superior Court were called to sit in their stead and participate in the determination of this cause.