745 P.2d 950

**The MECHAM RECALL COMMITTEE, INC., an Arizona nonprofit corporation, Petitioner,**

v.

**Robert K. CORBIN, Attorney General; and Rose Mofford, Secretary of State, Respondents.**

**No. CV 87–0306–SA.**

Supreme Court of Arizona, In Banc.

Oct. 1, 1987.

Rehearing Denied Nov. 17, 1987.

Lee, Theisen & Stegall by Martin H. Katz, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by Lisa T. Hauser and Jessica Gifford Funkhouser, Asst. Attys. Gen., Phoenix, for respondents.

Brown and Bain, P.A. by Paul F. Eckstein, Stephen E. Lee, Carrie L. Billy, and Charles C. Van Cott, Phoenix, for amicus curiae Arizona Civil Liberties Union.

CAMERON, Justice.

### I.

This is an original petition for special action filed by the Mecham Recall Committee, Inc. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(1).

### II.

We must determine whether A.R.S. § 16–901 to –924, and particularly § 16–905, apply to a committee formed for the purpose of obtaining signatures on a petition to recall a state-wide elected official.

### III.

The Mecham Recall Committee, Inc. (Committee) is a non-profit corporation formed for the purpose of promoting a recall election to remove Evan Mecham from the office of Governor of the State of Arizona. The Committee is seeking a number of signatures on petitions in order to place the recall issue before the voters of Arizona. To obtain funds in support of this petition drive, the Committee solicits contributions from the general public.

At oral argument before this court, counsel stated that the Committee did not intend to take an active part in the recall election once it was determined that there were sufficient signatures to require an election. The Committee indicated any excess funds would be donated to charity.

In July of 1987 when the Committee applied for recall petitions pursuant to the procedures set forth in A.R.S. §§ 19–201 to –216, Rose Mofford, the Secretary of State, requested an opinion from the Attorney General as to the application of the campaign contribution and expenditure statutes "to the activities of an organization seeking to recall an elected official and to a recall election itself, [if] one is held." The Attorney General, in a written opinion, concluded that the Mecham Recall Committee, Inc. was a "campaign committee" within the meaning of A.R.S. § 16–901 and, therefore, bound by the restrictions and reporting provisions of the statute. Att.Gen.Op. No. I87–097. The Mecham Recall Committee, Inc. disagreed and petitioned this court for a special action. We accepted jurisdiction because this is a matter of state-wide interest which can only be decided by this court. We allowed the American Civil Liberties Union to file an amicus curiae brief.

### IV.

Although both parties and the amicus curiae emphasize the first amendment aspects of this matter, we believe we need go no further than our statutes to decide this question. A.R.S. §§ 16–901 et seq. cover campaign contributions and expenses. These statutes provide for "opening reporting dates" for candidates, A.R.S. § 16–901(5)(a), and "contributions and expenditures relating to initiatives and referendums," A.R.S. § 16–901(5)(b). Subsection 6 of § 16–901 provides that:

6. "Political activity" includes the printing and circulation of nomination petitions of candidates and of initiative or referendum petitions.

No mention is made of recall petitions. A.R.S. § 16–901(1) defines campaign committee as follows:

1. "Campaign committee" includes the state central committee or state committee of any political party, any county, city, town or precinct committee of any

political party or of a candidate, and any association or combination of persons organized, conducted or combined for the purpose of influencing the result of any election in this state or in any county, city, town or precinct in this state, notwithstanding that the association or combination of persons may be part of a larger association or combination of persons not primarily organized, conducted or combined for the purpose of influencing the result of any election in this state or in any county, city, town or precinct in this state.

Although § 16–901(1) mentions the words "candidate" and "campaign committee," it is silent as to recall.

Moreover, A.R.S. § 16–905, which refers to contributions and expenditures, was changed by an initiative measure submitted as Proposition 200 to the electors at the 4 November 1986 general election. However, proposition 200 (§ 16–905) did not change the applicability of the campaign and expenditure statute to recall.

We have previously stated, "the right to engage in political activities, or to make contributions to a campaign, is a privilege of citizenship which can only be denied by express language of a statute." *State v. Miller*, 100 Ariz. 288, 296, 413 P.2d 757, 767 (1966). There is no reference in § 16–901 et seq. to recall petitions. Even if a recall is deemed to be a "political activity," the statute has not extended the applicability of the statute to a recall movement.

> Each campaign committee which engages in political activity in behalf of or against a candidate, including a judge who seeks to be retained in office, or in support of or opposition to an initiative or referendum or any other measure or proposition appearing on a ballot and collects or expends money or valuable things in connection therewith shall, not more than fifteen nor less than ten days prior to and not more than thirty days after any general or special election, file an itemized and detailed statement of contributions and expenditures as provided in § 16–915.

A.R.S. § 16–914(A). Again, there is a specific reference to candidates, initiative and referendum, but not to recall.

The question of the failure of the statute to include certain activities within the provision of the campaign reporting statute is not new. Previously, the Attorney General considered omissions in the campaign contributions law as they related to campaign committees for initiative and referendum. The statute had referred to candidates only and not to initiatives and referendums. The Attorney General's opinion stated:

> Since this office first gave its opinion as to the meaning of the pertinent statutes in 1946, nineteen years ago, the Legislature has not seen fit to change the statute in order to require that initiative or referendum committees file a report on their expenditures. As the Supreme Court of Arizona stated on page 29 in the case of *Long v. Dick*, 87 Ariz. 25, 347 P.2d 581 [(1959)]: 'In our final conclusion in this case, we gave controlling weight to the fact that during this twelve-year period, the members of the legislature were repeatedly made aware of the operation of the statute and must have known of its administrative interpretation and application.' Based upon the foregoing, this office reiterates the position taken by the office in 1946 and in 1950, and we must advise you that campaign committees on initiative and referendum are not required to file expense statements with the Secretary of State.

Att.Gen.Op. No. 65–42–L. Nor do we find that it is contrary to sound statutory construction to treat recall differently from initiative and referendum. Both the Arizona Constitution and Arizona statutes treat initiative and referendum and recall in distinct and separate provisions. Initiative and referendum are treated in Ariz. Const. Art. 4 and A.R.S. §§ 19–101 and –142, while recall is treated in Ariz. Const. Art. 8, pt. 1, §§ 1–6 and A.R.S. §§ 19–201, to –234.

We hold that a recall committee is not controlled by the provisions of §§ 16–901, et seq. Since the statute does not mention recall committees, they are not included. *State v. Miller*, 100 Ariz. 288, 413 P.2d 757

(1966). If this is believed to be a serious omission, then it is up to the legislature to cure the defect, not the courts.

Relief granted.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.