## Board of Education v. John S. Bolton.

1. Boards of Education—*Power to Adopt Rules.*—Boards of education have the right to adopt reasonable rules in regard to the admission of children over six years of age, which may operate to prevent such children from entering school immediately after arriving at the age of six years.

2. Same—*Rules Must be Reasonable.*—In carrying the law into effect, the board may prescribe rules for the government of the schools and enforce them, but such rules must be reasonable, and calculated to promote the objects of the law in conferring the right of an education upon all children of legal age, free of charge.

3. Same—*Right of the Child to be Taught.*—The law confers upon all children of proper age the right to be taught the enumerated branches, and any rule which, by its enforcement, tends to hinder or deprive the child of this right can not be sustained. All the rules must be adapted to the promotion and accomplishment of this great paramount object of the law.

4. Same—*What is Not a Reasonable Rule.*—A rule prohibiting children, who have just arrived at school age, from entering the schools at any time except during the first month of the fall and spring terms is not reasonable, or calculated to promote the objects of the law.

5. Practice—*Where the Reason for Issuing a Mandamus Has Ceased to Exist.*—Courts, in exercising their jurisdiction in mandamus, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which, by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the petitioner.

Mandamus.—Appeal from the Circuit Court of Rock Island County; the Hon. William H. Gest, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

C. J. Searle, attorney for appellant.

William A. Meese and Peter R. Ingelson, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a proceeding by mandamus, commenced by appellee to compel appellant to admit his daughter, Hazel Bolton, as a pupil, to the public schools of Moline.

The petition, which was filed by appellee on the 15th day of November, 1897, stated he was a resident and tax payer of the school district controlled by appellant; that on the 7th day of September, 1897, he sent his daughter, Hazel Bolton, to a school in said district, where she remained one week, when she was sent home for the reason that she was not of school age; that on the 9th day of October, 1897, said Hazel Bolton arrived at the age of six years, and on Monday, the 11th day of October, 1897, appellee again sent her to said school, but that the superintendent of schools of said district, acting for said board of education, refused to accept her as a pupil, stating that she could not enter the same until on or about April 11, 1898; that appellant's daughter was wrongfully prevented from attending the public free schools of the State, and thereby deprived of the benefits of obtaining an education, as provided by the school laws, to the injury both of appellant and his said daughter.

On March 25, 1898, appellant filed an answer to said petition, admitting substantially all the facts set forth therein, but denying that it wrongfully and illegally prevented said Hazel Bolton from attending said school. It averred, in explanation and defense of its refusal to admit her to said school, that its action was based upon a rule adopted by it for the proper management of the school; that prior to the year 1889 it was the rule and custom of appellant to permit the entry of pupils arriving at the age of six years into the respective schools, in the sub-districts in which they resided, at any time during the school year; that from and after the year 1889 it was the rule and custom to permit the entry of such pupils into said schools only at the commencement of the fall, winter and spring terms, beginning respectively about September 1st, January 1st and April 1st; that the operation of said rule was unsatisfactory and resulted in embarrassing and impeding the progress of cer-

tain classes and subverting the order and system of the school; that afterward, in the year 1893, appellant adopted the rule and custom of only permitting the entry of pupils arriving at school age during the first month of the fall and spring terms, commencing on or about September 1st and April 1st, respectively; that said rule and custom is a just and reasonable one, was duly and legally passed and adopted, and was in force at the time of such refusal to admit appellee's daughter and the commencement of the suit. On March 29, 1898, appellant filed a supplemental answer alleging that the winter term of said school had ended on March 18, 1898, and the spring term commenced March 28, 1898; that on the morning of the latter day appellee's child started in said school and has since continued in attendance thereon.

Appellee filed a general demurrer to appellant's answer and supplemental answer, which the court sustained. Appellant having elected to abide by its answer, judgment was entered in favor of appellee and a peremptory writ of mandamus awarded against appellant.

The only questions presented by the record in this case are:

First, whether, under the law, boards of education have the right, power and authority to adopt reasonable rules and regulations, in regard to the admission of persons over six years of age, which may operate to prevent such persons from entering school immediately after arriving at the age of six years.

Second. Whether, if a board of education has such power and authority, the rules and regulations adopted by appellant, under the conditions and circumstances set forth in its answer, were reasonable.

Third. Whether the trial court had authority to render a judgment in favor of appellee after the abatement of the subject-matter of the suit, as shown by appellant's supplemental answer.

It is provided by paragraph 4, Sec. 10, Art. 6, of our School Law, that boards of education shall have power " to establish schools of different grades and make regulations for the admission of pupils into the same."

In the case of The People v. Board of Education, 26 Ill. App. 476, in speaking of the powers given boards of education by statute, it is said:

" In the exercise of these powers, the rules and orders made by the defendants must not be unreasonable, or such as to defeat the wise and beneficent purposes of the school law, and if reasonable, necessary, and such as will best afford to all the children in their district, entitled to attend public schools, an opportunity to receive the benefits of proper instruction, such reasonable and necessary rules and orders should be sustained by the courts."

The first question must therefore be answered in the affirmative. Was the provision of the board in reference to the entry of pupils just arriving at school age, into the schools of the district, a reasonable one, keeping in view the provisions of the statute in reference to the admission of children to the free schools?

· The law makes it the duty of the proper board of each district " to establish and keep in operation  *  *  *  a sufficient number of free schools for the accommodation of all children in the district over the age of six and under twenty-one years, and shall secure for all such children the right and opportunity to an equal education in such free schools." Rev. Stat., Chap. 122, Art. 5, Sec. 26, Par. 5.

It was said by our Supreme Court, in the case of The People ex rel. v. Board of Education, 127 Ill. 613, that " by the statutes of this State, the duty of providing schools for the education of all children between the ages of six and twenty-one in their district, is imposed," and in the case of Potts v. Breen, 167 Ill. 67, that " the right or privilege of attending the public schools is given by law to every child of proper age in the State."

In determining whether the rule in question was a reasonable one, under the circumstances, we must inquire whether it was calculated to promote the objects for which free schools were established. In Rulison v. Post, 79 Ill. 567, it is said:

" In the performance of their duty in carrying the law into effect, the directors may prescribe proper rules and

regulations for the government of the schools of their district, and enforce them; * * * but all such rules and regulations must be reasonable and calculated to promote the objects of the law—the conferring of such an education upon all, free of charge. The law having conferred upon each child of proper age the right to be taught the enumerated branches, any rule or regulation, which, by its enforcement, would tend to hinder or deprive the child of this right, can not be sustained. All the rules must be adapted to the promotion and accomplishment of this great paramount object of the law."

Appellant's child was of proper school age, and there was no reason assigned for refusing her admission to the school, save the rule prohibiting children who had just arrived at school age from entering the schools at any time except during the first month of the fall and spring terms. The child had arrived at school age on October 9th, only thirty-one days after the fall term of school commenced, but she was refused admission until March 28, 1898, and thereby lost between five and six months schooling, during that school year; in the meantime the fall term had ended and the winter term had commenced, and also expired.

We are of opinion that the rule which caused appellee's child, who arrived at school age only thirty-one days after the fall term commenced, to lose the benefits of the free school, not only during the remaining months of that term, but also during the whole of the following winter term, was not a reasonable one or calculated to promote the objects of the law. We are also of opinion, however, that the demurrer to the original and supplemental answers should have been overruled, for the reason that at the time of filing the latter, appellee's child had been admitted to the schools under the charge of appellant, and all reason for the issuing of a writ of mandamus had ceased. "It is a well recognized principle that courts, in exercising their jurisdiction in mandamus, will not award the peremptory writ where the right sought to be enforced is or has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit, can be of no substantial or practical benefit to the peti-

tioner." Gormley v. Day, 114 Ill. 185; Cristman v. Peck, 90 Ill. 150; The People ex rel., etc., v. Rose, 81 Ill. App. 387. As appellee's child had already been admitted to school at the time the supplemental answer was filed, the object for which the petition was filed had been accomplished, and there then remained no right which could be enforced by a writ of mandamus.

The judgment of the court below will therefore be reversed and the cause remanded.