ETHEL R. DETCH, *An Infant,* WHO SUES
BY ROSALIE S. DETCH, HER NEXT FRIEND

*v.*

BOARD OF EDUCATION OF THE COUNTY OF
GREENBRIER, *A Corporation,* AND THE WEST
VIRGINIA BOARD OF EDUCATION, *A Corporation*

(No. 12070)

Submitted October 10, 1960. Decided November 22, 1960.

*John L. Detch,* for relator.

*Edgar L. Smith, W. W. Barron, Attorney General,
Virginia Mae Brown,* Assistant Attorney General, for
respondents.

GIVEN, JUDGE:

This original mandamus proceeding presents the question of the validity of a resolution or rule promulgated by The West Virginia Board of Education, fixing the date after which a child reaching the age of six years during a particular school term, can not be enrolled in school for the remainder of such term. The proceeding is disposed of on the petition of the relator, Ethel R. Detch, an infant who sues by Rosalie S. Detch, her next friend; the answer of the respondent The West Virginia Board of Education; the answer of the respondent Board of Education of the County of Greenbrier; the demurrer of relator to the answer of The West Virginia Board of Education; exhibits filed with the respective pleadings; on stipulation of facts; and on briefs and oral arguments of the respective parties.

The child was born November 3, 1954, and no question is presented as to her right to be enrolled in the public school in the county and school of her vicinage, except that relating to the rule promulgated by The West Virginia Board of Education. The rule was promulgated in 1958, and amended in September, 1959. After pertinent recitals, as amended, it reads: "Therefore, be it resolved by the West Virginia Board of Education that the school entrance age, beginning with the school term 1960-61, shall be 6 years of age prior to November 1 of the current school year." Because of the existence of the rule, and for the reason that the material birthday of the child would fall on a day subsequent to November 1, 1960, the Board of Education of Greenbrier County denied the child the privilege of entrance to the public schools of that county for the current school year, 1960-61.

Section 1 of Article XII of our State Constitution reads: "The Legislature shall provide, by general law, for a thorough and efficient system of free schools." By the 1958 Amendment of Section 2 of

Article XII of our State Constitution, The West Virginia Board of Education is created and vested with "The general supervision of the free schools of the State * * *", and it is required to "perform such duties as may be prescribed by law".

Code, 18-2-5, as amended, provides that "Subject to and in conformity with the constitution and laws of this State, the state board of education shall determine the educational policies of the State * * * and shall make rules for carrying into effect the laws and policies of the State relating to education, including rules relating to the physical welfare of the pupils * * * school attendance, evening and continuation of part-time day schools * * * the general powers and duties of county boards of education and of teachers, principals, supervisors and superintendents, and such other matters pertaining to the public schools of the State as may seem to the state board to be necessary and expedient."

Code, 18-5-15, as amended, dealing with county or district boards of education, not with The West Virginia Board of Education, after providing that the "minimum term for both elementary and high schools shall be nine months", further provides that "The school shall be open to youths between the ages of six and twenty-one for the full school term provided in each district * * *". It is the last sentence of Section 15, just quoted, that seemingly affords particular emphasis to the contention of relator.

Other statutory provisions which may have some pertinency include Code, 18-5-18, as amended, providing that any district board of education may provide for kindergartens for children "between the ages of four and six years"; Code, 18-7-10, as amended, providing for "A statewide school census of all youths aged four to twenty years inclusive as of September first of the year in which taken * * *"; and Code, 18-8-1, as amended, providing that "Compulsory school

attendance shall begin with the seventh birthday and continue to the sixteenth birthday'', subject to certain exceptions.

It is not contended, of course, that The West Virginia Board of Education can be denied its constitutional powers of ''general supervision of the free schools'', or that any legislative enactment attempts to do so. Neither is it contended that The West Virginia Board of Education has no power to promulgate reasonable rules for the ''general supervision'' of the free schools, and no contention is made that the language of the rule adopted is of doubtful meaning or is ambiguous. The question involved, therefore, is narrowed to whether the rule complained of is in conflict with the pertinent statutory provision, Code, 18-5-15, as amended, providing that the schools of the State shall be open ''to youths between the ages of six and twenty-one for the full school term''.

Though the question, in one form or another, has caused much concern in the State, it has not before reached this Court in form for an authoritative answer. In *I.O.O.F. of West Virginia v. Board of Education,* 90 W. Va. 8, 110 S. E. 440, 48 A.L.R. 1092, this Court held: ''3. Public schools are required by the statute to be maintained for all persons within the school district over the age of six and under twenty-one years, and it is not essential to the right of a child to attend a public school that it should have a legal domicile in the place in which the school is located.'' The question there involved, however, related to the domicile of a certain child, not to the age at which the child was entitled to attend school.

The question as it related to a similar resolution, promulgated by the prior or statutorily created West Virginia Board of Education, was presented to the Attorney General of this State and, in an opinion dated February 11, 1953, 45 Biennial Report and Opinions of the Attorney General, page 222, after stating the question, and after referring to the pertinent statutory

provisions, he concluded: "We believe the Board has authority under Code, 18-2-5, quoted above, to enact regulations on matters of this nature. It is a question of policy within the rule making and regulating power of the State Board whether a child below the age of six but who shall attain that age during the school year should be permitted to enter school at the beginning of the school year. We believe the Board within its discretion may set a date falling during the school year by which a child must have reached the school age of six in order to be permitted to enter at the beginning of the school year. Such regulation must be consistent with the provisions of Code, 18-5-15, providing that school shall be open to youths between the ages of six and twenty-one for the full school term.

"In conclusion it is our opinion that the West Virginia Board of Education has authority to enact a regulation governing the permissive age of children to the public schools of West Virginia within the limitations mentioned above."

In a very recent case, *State of Montana ex rel. Donald E. Ronish v. School District No. 1 of Fergus County,* ____ Mont. ____, 348 P. 2d 797, a very similar question, if not precisely the same question, was involved. The Court pointed out that the Constitution of that State provided that "The public free schools of the state shall be open to all children and youth between the ages of six and twenty-one years", and that the pertinent statute provided: "Every public school not otherwise provided for by law shall be open to the admission of all children between the age of six and twenty-one years * * *", and held valid a rule fixing a "cut-off" date as to children arriving at the age of six years subsequent to the date of the commencing of the current school term, saying: "We are mainly concerned, as the Legislature and the framers of the Constitution must have been, with the welfare of the children of this state. Does a child who was born on March 10, benefit by being put into the first

grade for two and one-half months prior to the end of the school year in May or June? The answer, of course, depends upon the particular child, but it must be kept in mind that the rest of his class may be ahead of him in varying degrees in learning and maturity. He must assimilate the previous six months work in two and one-half months and in addition keep up the new work which the class is undertaking. Inability to grasp the fundamentals learned in the first grade may cause a child to be behind his class in future school years, necessitating either extra tutoring or failing a grade. These observations are made by the court as a matter of common knowledge.

''We feel that neither the framers of the Constitution nor the Legislature could have intended that Article XI, section 7, and section 75-2004 compel local school districts to admit children immediately upon attaining the age of six years at any time. A reasonable interpretation of these provisions, in connection with the other provisions requiring a thorough education is that a child must be allowed to enter the first grade sometime during his seventh year after reaching his sixth birthday. This would be accomplished by admitting children who become six after a 'cut-off' date at the commencement of the next school year. Thus the child whose birthday falls after a 'cut-off' date would be admitted the following September in the ordinary course of schooling while he is still six years old.''

In *Board of Education v. Bolton*, 85 Ill. App. 92, the statute required each district board ''to establish and keep in operation * * * a sufficient number of free schools for the accommodation of all children in the district over the age of six and under twenty-one years, and shall secure for all such children the right and opportunity to an equal education in such free schools.'' The Court held reasonable and valid a rule which operated to prevent ''children from entering school immediately after arriving at the age of six years''. See *Rulison v. Post,* 79 Ill. 567 ; *Harkins,*

*as Superintendent v. School District No. 4*, 79 Ariz. 287, 288 P. 2d 777; *City of Manitowoc v. Town of Manitowoc Rapids*, 231 Wis. 94, 285 N. W. 403; *In re Newark School Board* (N.J.), 70 A. 881; 79 C.J.S., Schools and School Districts, Section 448.

In its answer The West Virginia Board of Education contends, and it states as the premises for the promulgation of the rule complained of, that approximately twenty thousand children enroll at the opening of each school year who classify "in an age bracket of five years and seven months to six years and one month", many of whom are "unable to make progress"; that many of such children are "unready for activities in keeping with expectations of first grade work"; that there is a "serious over-crowding of many first grade classrooms"; and that, in effect, the enrollment of youths who reach the age of six years sometime after the commencement and during a school term tends to disrupt the orderly and efficient operation of the first grades of the public schools. Obviously, the determination of such questions is for those who are charged with the "general supervision of the free schools of the State", not for the courts, yet the existence of such problems may be of help in determining whether a particular rule is unreasonable or arbitrary. See *Morrison v. Smith-Pocahontas Coal Co.*, 88 W. Va. 158, 106 S. E. 448; *Coggins v. Board of Education*, 223 N. C. 763, 28 S. E. 2d 527; 79 C.J.S., Schools and School Districts, Section 446; 73 C.J.S., Public Administrative Bodies and Procedure, Section 104 et seq; 47 Am. Jur., Schools, Section 45 et seq.

The people, by the Constitution, have provided not only for a free school system, but that the system must be "thorough and efficient". The Legislature is expressly commanded to provide such a system "by general law". It has attempted to do so, in part, by the statutory provisions cited above, and of no little significance is the statutory provision directing The West Virginia Board of Education to "make rules for carrying into effect the laws and policies of the State

relating to education''. Included specifically in such direction is the requirement that the State Board make rules governing "school attendance * * * and such other matters * * * as may seem to the state board to be necessary and expedient''. Of course, it can not be contended that the granting of such authority to the state board empowers it to promulgate rules contrary to clearly expressed legislative enactments within constitutional limitations, but the wide discretion vested in the state board makes it the duty of the courts to attempt to reconcile the intended meaning of such a resolution with existing legislative provisions, where to do so would not violate a valid, clearly expressed legislative enactment. ''* * * Moreover, an administrative rule or regulation must be clearly illegal, or plainly and palpably inconsistent with law, or clearly in conflict with a statute relative to the same subject matter, such as the statute it seeks to implement, in order for the court to declare it void on such ground.

''It is only where an administrative rule or regulation is completely without a rational basis, or where it is wholly, clearly, or palpably arbitrary, that the court will say that it is invalid for such reason. Moreover, one who claims rights under an administrative rule may not assert the invalidity of the rule under which the rights he claims arise.'' 73 C.J.S., Public Administrative Bodies and Procedure, Section 104.

We now come to the question of the precise requirements of the statutory provision, Code, 18-5-15, as amended, requiring district boards of education to keep the schools ''open to youths between the ages of six and twenty-one for the full school term provided in each district.'' It will at once be noticed that the language used has no expressed or specific application to a youth who is not six years of age at the commencement of a school term, and that it does not expressly require that a youth who is less than six years of age at the commencement of a school term be enrolled for that part of a term remaining subsequent to the time such youth arrives at the age of six years. Thus, the

very matters covered by the rule now questioned are not attempted to be controlled by the statutory provision. What we think is clearly intended by the statutory provision, in so far as the instant question is concerned, is to guarantee or assure a child, who has reached the age of six years before the commencement of a particular term, the right to be enrolled for the full term. The mandatory provision of the statute does not apply to a child not six years of age at the commencement of a particular school term. This conclusion is in accord with the expression quoted from the holding in *I.O.O.F. of West Virginia v. Board of Education, supra;* the opinion of the Attorney General mentioned above; with the well reasoned opinion in the case of *State ex rel. Ronish v. School District No. 1 of Fergus County, supra;* and with the holding in *Board of Education v. Bolton, supra.*

Obviously, to hold in accord with relator's contention would be, in effect, to require each school to enroll any youth who reaches the age of six years on any day during a particular school term for the remainder of such term, whether the remainder be a few days, or nine months less a few days. The possible evil effects on the "thorough and efficient" system of free schools of such a holding would seem apparent, and are clearly pointed out by the state board in the premises stated as the basis for the rule promulgated. The West Virginia Board of Education should not be forced to that position except by clear and compelling language, which we do not find in the pertinent statutes.

The contention is also made that, in the event the statutory provision under consideration does not require the enrollment of the youth here involved on the first day of the current school term, then that provision must be construed to mean that the child's admission must be permitted during that term on the day it becomes six years of age. We think the contention sufficiently answered by what has been stated above. There is no mandatory statutory provision to that

effect. Neither is there any statutory provision requiring The West Virginia Board of Education to exclude from the schools all youths arriving at the age of six years at any time after the commencement of a school term. Such matters are by the Legislature left open, to be controlled by the discretion of The West Virginia Board of Education. See 79 C.J.S., Schools and School Districts, Section 448.

The contention is also urged by relator that, in the event the statute is found ambiguous the legislative construction thereof must govern, and that such legislative construction has been in accord with the contention of relator. The argument is founded on facts which have been stipulated, to the effect that in 1949, and again in 1951, proposed bills were rejected by the Legislature of the State which, if enacted, would have had the effect of requiring the admission to the free schools of certain youths who became six years of age subsequent to the commencement of a particular school term. Assuming that a subsequent Legislature may have the power to construe or interpret the meaning of a statute enacted by a prior Legislature, or that it has power to interpret any existing statute, we think the rejection of the bills can not be interpreted to have the effect contended. What is said by this Court in a similar situation, *Koppers Coal Company v. Alderson, State Tax Commissioner,* 125 W. Va. 747, 752, 26 S. E. 2d 226, points to the correct answer, "We are not inclined to give this legislative history decisive weight in construing the statute under consideration. Ordinarily, subsequent acts of the legislature cast no light on the intent of the legislature which originally enacted a statute. Moreover, the proposed amendment may have been rejected because the last legislative body regarded the tax commissioner's construction as correct and the proposed amendment, therefore, superfluous." See 82 C.J.S., Statutes, Section 360.

Of more cogency than the supposed legislative construction is the administrative construction of the pertinent provision of the statute, for The West Virginia

Board of Education, the governmental body charged with the duty of establishing rules governing "attendance" of youths, had, on more than one occasion, promulgated rules relating to the enrollment in the public schools of youths reaching the age of six years subsequent to the commencement of a current school term, and such prior rules had been generally recognized and respected by those connected with the enrollment of the pupils of the several school districts, in large part, at least. See *State ex rel. Brandon v. Board of Control,* 84 W. Va. 417, 100 S. E. 215, 82 C.J.S., Statutes, Section 359.

It is apparent, therefore, that the rule in mandamus heretofore issued herein must be discharged, and the proceeding dismissed.

*Rule discharged; proceeding dismissed.*