DUCKER, JUDGE:
Claimant, James A. Esposito, a former student in the Law School of West Virginia University from September, 1966, until his graduation in June, 1969, was charged nonresident student tuition fees. The difference between resident student tuition fees and nonresident student tuition fees amounted to a total of $1,950.00, and claimant, contending that he should have been required to pay only resident tuition, now claims he should be awarded that sum as a refund. The facts in the case are stipulated as hereinafter related and the only issue is whether the facts constitute a valid claim.
Claimant, born December 2, 1938, in New Jersey, was reared and educated through high school while living with his parents in New Jersey, and after graduation from high school worked at various jobs in New Jersey until 1963 except for a period of six months while in the army. In January 1963, claimant enrolled at Salem College, in. Salem, West Virginia, residing at various homes in Salem and returning to his parents’ home in New Jersey during the summertime. On June 5, 1965, claimant married Charlotte J. Rauer, a life-long resident of Carolina, Marion County, West Virginia, who owned and operated a beauty salon in Monongah, Marion County, West Vir *224 ginia, and immediately upon their marriage, claimant and his wife established their home at a rented house in Carolina, West Virginia, and claimant’s wife continued her employment at Monongah, and they have continued to reside at said house until the present time. Claimant was graduated from Salem College in June, 1966, and in September 1966 he enrolled as a resident student in the College of Law at West Virginia University and then paid resident student fees, but three months later he was required, after rejection of his protest, to pay nonresident tuition fees for the whole period of his law school enrollment until his graduation in June 1969.
To substantiate claimant’s allegation that he was entitled to be considered a resident and chargeable only with resident fee tuition, the stipulation shows claimant on February 1, 1966, registered to vote in West Virginia, was assessed in 1965 for capitation tax, automobile tax in 1965, and for 1966 a tax on his dog, paying all of them for each year thereafter, and in the fall of 1966 he acquired a driver’s license, continuing his use of the same since that time. The records pertaining to claimant’s child born in 1967, reflect the residence of the claimant to be Carolina, Marion County, West Virginia. Claimant filed joint federal and state income tax returns for 1967 and thereafter showing his residence as being in West Virginia. Claimant worked in the Marion County Assessor’s office and as a law clerk between his second and third years in law school, and upon graduation he entered the private practice of law at Fairmont.
Claimant alleges that from the time of his marriage in 1965 which occurred more than a year before he enrolled in West Virginia University, he had no other plans but to make his home in Marion County, West Virginia, and since that time has treated Marion County as his home, severing all connections with his former residence in New Jersey.
While all the facts, self-serving as they are to indicate the claimant became domiciled in West Virginia in 1965, the question remains as to whether there has been compliance with the regulations of the University pertaining to such subject.
The regulation involved is as follows:
“No person shall be considered eligible to register in the University as a resident student who has not been *225 domiciled in the State of West Virginia for at least twelve consecutive months next preceding college registration. No nonresident student may establish domicile in the State, entitling him to reductions or exemptions of tuition, merely by his attendance as a full-time student at any institution of learning in the State.”
In the case of Detch v. Board of Education, 145 W. Va. 722, 117 S. E. 2d 138, the Supreme Court of Appeals of West Virginia confirmed the right of the West Virginia Board of Education to determine education policies of public schools, if such policies are not unreasonable or arbitrary. Such undoubtedly applied to the Board of Governors of West Virginia University, and we consider the regulation here involved a reasonable policy.
As indicated, the claimant may have established his domicile in West Virginia and entitled to voting and other privileges by proof of facts shown and by proof of his intention in that regard, but as to his rights with respect to the institutions of learning in this State there is the additional requirement that he must not be in violation of the regulation which provides that he cannot establish the domicile which would entitle him to reductions or exemptions of tuition by his attendance as a full-time student at any institution of learning in the State.
Claimant says his marriage in 1965 definitely determined his status more than one year before he entered West Virginia University, and that fact, in addition to the other facts, rendered him eligible as a resident student. Such argument would probably prevail, were it not for the positive prohibition in the regulation which denies a student from another educational institution in the State to so establish residency rights by attending such other school in the State. Salem College is a college in the State and claimant’s attendance there brings his claim within such prohibition. With claimant’s domicile having been in New Jersey prior to his marriage in 1965, we are of the opinion that such fact and the other facts evidencing change of residency or domicile are not sufficient to overcome the prohibition contained in the regulation, even though claimant may have legally become a citizen the year before his last year of attendance at Salem College. While it may be argued that the claimant has not established his residence merely by his last year’s attendance at Salem College before entering *226 West Virginia University, we think the facts do not satisfactorily negative an apparent attempt to circumvent the rule, and, so we conclude that the facts substantiate the application of the prohibitory provisions’ of the regulation.
The claimant, in support of his claim, relies upon the decision of this Court in the case of Wotkiewicz v Board of Regents, D-294, decided October 14, 1970. That case is distinguishable from this case in that the claimant in that case came to this State to accept a secretarial position with a member of the faculty of West Virginia University, with no thought or intention of attending school, not even as a part time student, although after she was here a while she was induced to take a part time course at the University during her noontime recess, and more than a year later when she was forced to change her employment she decided to enter the University on a full time basis. The facts in that case, in the opinion of this Court, clearly substantiated her right to be considered eligible as a resident student when she became a full time student. We do not consider that case as a precedent for the claim here made.
As we are of the opinion that the claimant did not qualify as eligible for resident status in the matter of his tuition fees, and that the action of the Board of Governors was within its authority, we hold the claimant is not entitled to recover, and, accordingly, we disallow his claim and make no award therein.
Claim disallowed.