STATE *ex rel.* JANE DOE, BY HER NEXT FRIEND

WILLIAM C. KOON, *Individually, and on Behalf*

*of all Others Similarly Situated*

*v.*

JOHN KINGERY, *Superintendent of Schools,*

*Roane County, West Virginia, et al.*

(No. 13454)

Submitted February 26, 1974.     Decided March 19, 1974.

*Daniel F. Hedges* for relators.

*Charles E. McCarty,* Prosecuting Attorney, *Robert M. Harvey* for respondents.

BERRY, JUSTICE:

This is an original proceeding in mandamus instituted by William C. Koon as next friend on behalf of Jane Doe, a sixteen year old girl who is a resident of Opportunity Hall at Spencer State Hospital in Roane County, and who wishes to keep her real name confidential for purposes of this proceeding, to compel the respondents, John Kingery, Superintendent of Schools of Roane County, Edward Westfall, Principal of Spencer High School, and Myles Spencer, Harry Taylor, Benny Hickel, John W. Stone, Lloyd Darrell Atkinson, Members of the Board of Education of Roane County, to enroll her in the Roane County public school system. This Court issued a rule to show cause February 4, 1974 returnable February 19, 1974 at which time the case was continued until February 26, 1974. The respondents filed an answer and a demurrer to the petition and the petitioner filed a motion to amend her petition by substituting Myles Spencer in place of H. D. Jones as a party respondent and a motion to strike paragraph 2 of her petition and other references thereto relating to a class action, and finally the petitioner filed a motion to exclude the deposition of Charles C. Weise, M.D., because petitioner was not given sufficient notice by respondents' counsel of the taking of the deposition. Various other depositions and exhibits were filed and the case was submitted for decision upon all the foregoing

pleadings and the arguments and briefs on behalf of the respective parties.

Petitioner was admitted to Spencer State Hospital, a hospital supervised and controlled by the Department of Mental Health, on November 28, 1973 by order of the Juvenile Court of Kanawha County. The petitioner was one of seven children, but from 1965 until her admission to Spencer State Hospital she had lived with her paternal grandparents. Petitioner's grandparents had objected to her association with a local church in Kanawha County where she was spending a large part of her spare time. One evening after a friend of the petitioner picked her up to take her to church, the grandparents swore out an abduction warrant against the friend. At the subsequent hearing on the abduction warrant, the petitioner refused to return to the home of her grandparents. Thereafter, the grandparents swore out a warrant for incorrigibility against the petitioner and she was eventually ordered to be admitted to Spencer State Hospital by the Juvenile Court of Kanawha County.

The petitioner became a resident of Opportunity Hall at Spencer State Hospital soon after her arrival. Opportunity Hall is a facility at the hospital which is maintained for adolescent patients between the ages of thirteen and nineteen. Of the twenty-two residents of Opportunity Hall, many of the children have emotional disorders and problems. However, Dr. Robert H. Jenkins, Director of Clinical Services at Spencer State Hospital and a certified psychiatrist, and William C. Koon, Educational Consultant at Spencer State Hospital, stated in their depositions that the petitioner was a "normal" child with average intelligence whose mental and educational development would be furthered if she were allowed to attend Spencer High School while a resident of Opportunity Hall awaiting placement in a foster home. Both men also tesified in their depositions that a gradual withdrawal from the hospital would be far better for the petitioner's mental health than to be placed in a foster

home and begin attending public high school at the same time. Opportunity Hall has a limited educational program which is geared primarily to the teaching of the "3 R's". Dr. Jenkins and Mr. Koon felt it would be better for the petitioner to attend the public high school in Spencer so that she would be educated in a normal educational environment.

The staff at Spencer State Hospital had previously sought admission of certain residents of Opportunity Hall into the public school system of Roane County, but before any hearings could be held before the Roane County Board of Education these residents had left the hospital. On January 4, 1974, pursuant to a request of counsel for the residents of Opportunity Hall, Dr. Daniel B. Taylor, the State Superintendent of Schools, ordered the Board of Education of Roane County and the Superintendent of Roane County Schools to admit into the public schools any resident of Opportunity Hall whom the Clinical Director for Spencer State Hospital approved for attendance.

Thereafter, on January 25, 1974 the petitioner, accompanied by Mr. Koon and one Mona McCoy, a member of the staff of Spencer State Hospital, presented herself at Spencer High School and sought admission to the school. The petitioner had in her possession a letter of certification from Dr. Jenkins, the Director of Clinical Services at Spencer State Hospital, and a transcript of her record from the Kanawha County school system. The principal of the school, Edward Westfall, informed the petitioner that the Superintendent of Schools, John Kingery, had advised him to refuse to admit the petitioner into the school system.

As a result, the petitioner contends she has been denied an education afforded her under Article XII, Section 1 of the West Virginia Consitution, and the right to attend public schools, as provided by Code 18-5-15, as amended.

The demurrer to the petition filed by the respondents and the various motions made by the petitioner will be

considered and disposed of first. The motion to amend the petition by adding the name of Myles Spencer, Member of the Roane County Board of Education, as a new party respondent and deleting the name of H. D. Jones as a respondent because he was no longer a member of the Roane County Board of Education is granted. The motion to strike, which is in reality a motion to amend the petition, will be granted although a new amended petition should have been filed with this motion. Rule 23, R.C.P., pertaining to class actions, is not applicable in this Court, and in addition, the Rules of Civil Procedure relating to class actions do not apply to extraordinary proceedings. Rule 81 (a) (5), R.C.P. The motion relative to this matter is therefore granted and the petition will be styled in the name of the petitioner by her next friend. The second paragraph will be completely deleted, as well as the language in the prayer pertaining to a class action.

The motion of the petitioner to exclude the deposition of Dr. Weise is granted because sufficient notice was not given of the taking of the deposition as required by law.

The respondents' demurrer is overruled because the petition, as amended, is sufficient at law. It no longer relates to a class action, and the petitioner's true identity will become known to the respondents.

The only issue involved in this proceeding is whether the respondents must admit the petitioner to Spencer High School under the Constitution and laws of the State of West Virginia.

Article XII, Section 1 of the Constitution of West Virginia states: "The legislature shall provide, by general law, for a thorough and efficient system of free schools." Code 18-5-15, as amended, provides in part as follows: "The public schools shall be open for the full instructional term to all persons who have attained the entrance age as stated in section five [§ 18-2-5], article two and section eighteen [§ 18-5-18], article five, chapter eighteen of this Code: * * * ."

672

It is apparent from the depositions that the petitioner is a normal sixteen year old girl. She has never been dismissed from a school and has made good grades in school and would be placed in the Spencer High School as a junior. She is not emotionally disturbed but was placed in Opportunity Hall at Spencer State Hospital by virtue of difficulties in her home environment. The evidence in this case clearly shows that it would be beneficial to the petitioner to attend the Spencer High School where she would be associated with her peers in a normal educational environment.

When the petitioner presented herself to the Spencer High School principal she was denied admission apparently because she was a resident of Opportunity Hall at Spencer State Hospital. The testimony in this case clearly shows that it would be beneficial, both sociologically and psychologically, for the petitioner to attend Spencer High School.

It has been held by this Court that all children in this state have the right to attend public school in the district in which they live, even if they are only temporary residents of such district. *Grand Lodge, I.O.O.F. v. Board of Education*, 90 W.Va. 8, 110 S.E. 440. In the case just cited the children, who were residents of an orphanage sponsored by a charitable organization, applied for admission into the public schools in Elkins and were refused. This Court granted a writ of mandamus compelling the respondents to admit the children to attend the public schools in Elkins. It was held in point 3 of the syllabus of that case that:

> "Public schools are required by the statute to be maintained for all persons within the school district over the age of six and under twenty-one years, and it is not essential to the right of a child to attend a public school that it should have a legal domicile in the place in which the school is located."

This Court has held that boards of education have the power and authority to issue regulations that are within

the statutory requirements. *Detch v. Board of Education of County of Greenbrier,* 145 W.Va. 722, 117 S.E.2d 138. Code 18A-5-1, as amended, gives the school officials authority to suspend or expel students for improper conduct or conduct detrimental to the conduct of others of the school. This section reads in part as follows: " * * * The teacher shall have authority to suspend any pupil guilty of disorderly, refractory, indecent or immoral conduct, and the district board of education may expel or exclude any such pupil if, on investigation, the conduct of such pupil is found to be detrimental to the progress and the general conduct of the school." This statute only gives the board of education power to expel or exclude from school those children who have been previously admitted. There is no authority for school boards to refuse admittance to children to attend public schools within the age requirements provided by statute.

In the case at bar the petitioner, who had fulfilled all the requirements under the law for admittance to Spencer High School, should have been summarily admitted to attend school without delay. It has been held that even in cases where dismissal is authorized by law for certain detrimental conduct of a student, due process requires a hearing to be held before such student's right to an education can be denied. *Dixon v. Alabama State Board of Education,* 294 F.2d 150; *Wasson v. Trowbridge,* 382 F.2d 807.

For the reasons stated herein, the petitioner should have been admitted to the Spencer High School when she presented herself to the principal for admittance, which is clearly mandated under the Constitution of West Virginia, statutes of the State and decisions of this Court.

The writ, in accordance with this opinion, is therefore granted to the petitioner.

*Writ granted.*