341 S.E.2d 407

**Brandon Lee BLESSING**

v.

**MASON COUNTY BOARD OF EDUCATION, et al.**

No. CC952.

Supreme Court of Appeals of West Virginia.

Oct. 30, 1985.

Dissenting Opinion Dec. 16, 1985.

Concurring Opinion Feb. 26, 1986.

Elizabeth Bower Dunlap, Pt. Pleasant, for appellant.

Diana L. Johnson, Asst. Pros. Atty., Pt. Pleasant, for appellee.

NEELY, Justice:

In the fall of 1984 Brandon Lee Blessing wanted to go to kindergarten, but he was denied admission because his fifth birthday was not until 3 September 1984 and *W. Va. Code* 18–5–18 [1983] provides mandatory admission to kindergarten only for those children who are five years old on or before 1 September of the school year in which they seek admission. Cindy L. Blessing, Brandon's mother, was understandably outraged that her son would lose a year of school because of a three day technicality, so she petitioned the Mason County Board of Education for a waiver to allow Brandon to enter kindergarten. In support of her

application for a waiver she supplied the Board of Education with a report prepared by psychologist Charles T. Painter who had examined Brandon and had concluded that he was "capable of performing within normal limits in the kindergarten classroom." Nonetheless, the Board of Education of Mason County invoked the arbitrary cut-off date established in the *Code* 18–5–18 [1983] and refused to admit Brandon.

Mrs. Blessing then sought a writ of mandamus in the Circuit Court of Mason County to compel the Board to admit Brandon. The circuit court found that Brandon had no clear legal right to be admitted based upon the language of *Code* 18–5–18 [1983] but, in a triumph of experience over logic, admitted Brandon to the kindergarten program pending this Court's answer to the following certified questions:

I. Whether the refusal to consider the infant petitioner for admission to the public school kindergarten program of Mason County schools, when he would be considered for admission in thirty-eight counties in West Virginia, is a denial of the infant petitioner's constitutional right to equal educational opportunity guaranteed by the equal protection clause of the West Virginia Constitution?

II. Whether the respondent, Mason County Board of Education, has a mandatory duty to grant the infant petitioner an equal educational opportunity by considering him for admission to its public school kindergarten program?

I

The relevant portion of *W.Va. Code* 18–5–18 [1983], which relates to age requirements for children in the kindergarten program, states:

County Boards of education shall provide by the school year one thousand nine hundred eighty-three—eighty-four, and continue thereafter kindergarten programs for all children who shall have attained the age of five prior to September first of the school year in which the pupil enters such kindergarten program *and may establish kindergarten programs designed for children below the age of five*: Provided, that nothing herein shall prohibit children who shall have attained the age of five prior to November first of the school year one thousand nine hundred eighty-three—eighty-four from entering such kindergarten program. [Emphasis supplied by the Court.]

The statute allows boards of education flexibility in handling cases such as Brandon's. Furthermore, it is stipulated in the case before us that thirty-eight of our fifty-five counties have mechanisms to prevent the type of arbitrary rejection to which the Mason County Board of Education has subjected Brandon.

In light of this Court's longstanding rule that we will not decide constitutional issues that are not necessary for the resolution of a case, we decline to answer the two certified questions as phrased. However, we hold that the circuit court was correct in admitting Brandon to school because the clear purport of *W.Va. Code* § 18–5–18 [1983] is that boards of education intelligently use their discretion in cases such as Brandon's. We infer from the sparse record before us that the Mason County Board of Education made no inquiry whatsoever into the feasibility of accommodating a student in Brandon's circumstances. They failed to adopt any guidelines, articulate any standards, or even provide a convincing reason why they could not apply a flexible approach to admitting to kindergarten Mason County's children who have oddly placed birthdays. We cannot say that the Mason County Board of Education abused its discretion; rather, the Mason County Board of Education exercised no discretion whatsoever.

II

A mechanical application of the 1 September deadline for a child's achieving his fifth birthday before a school board may admit a child to kindergarten confounds the clear intent of *W.Va. Code* 18–5–18 [1983] and the broad statutory scheme which the *Code* provides. *W.Va. Code* 18–5–18 [1983] allows boards of education to provide for the education of children younger than five

years of age. This leads us to the conclusion that it was the intent of the legislature to mandate the education in kindergarten of all children who have reached their fifth birthday by 1 September of the current school year, but that it was also the intent of the legislature that boards of education adopt flexible policies, consistent with the resources at their disposal, to ease the burden of unfortunate situations such as Brandon's, when a child has a five year old intellectual maturity but a birthday that arrives three days late.

We realize the legitimacy of an age requirement; if the school boards were not allowed to exclude students on the basis of age, many parents would deposit their still teething toddlers at the kindergarten not so much in search of education as in search of state financed day care. However, there is no indication in *W.Va. Code* 18–5–18 [1983] that the legislature intended a board of education arbitrarily to deny a student like Brandon admission simply because of a three day accident of birth.

The reasoning we applied in *Detch v. Board of Education of the Greenbrier County*, 145 W.Va. 722, 117 S.E.2d 138 (1960) is controlling here. In *Detch* we upheld the West Virginia Board of Education rule that prevented the enrollment in first grade of youths arriving at the age of six years subsequent to the first day of November after a school term as neither unreasonable or arbitrary. The two month grace period from September 1, when school begins, to November 1, provided a mechanism by which mature but underaged youths could attend school. As *State ex rel. Ronish v. School District No. 1 of Fergus County, Mont.*, 136 Mont. 453, 348 P.2d 797 (1960), the case the *Detch* court relied on states: "The rule establishing the 'cut off' date must be reasonable and not work an undue hardship on the children to whom it applies." The Mason County Board of Education's rule would work considerable hardship on Brandon and similarly situated children.

■ Although we accord considerable weight to the administrative interpretation school boards place on statutes, *Dillon v.*

*Board of Education of Mingo County*, 171 W.Va. 631, 301 S.E.2d 588 (1983), there are limits. As this Court has often said, when discretion is reposed in an administrative agency that discretion must be exercised intelligently and not arbitrarily and capriciously. *Beverlin v. Board of Education of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975) (power of school board to assign, transfer, suspend or promote teachers must be exercised in a reasonable manner. Arbitrary or capricious use of the power will not survive judicial scrutiny.). We find the Mason County Board of Education's mechanical adherence to an inflexible cut-off date for admission to the kindergarten program an arbitrary and capricious failure to use discretion and we find that it is the obligation of boards of education, under *W.Va. Code* 18–5–18 [1983], to provide rules and regulations designed to achieve reasonable results in circumstances such as the one before us.

### III

■ Because it is possible to dispose of the underlying issue presented by this case without resort to addressing broader constitutional questions, we hold that the certified questions presented to us by the circuit court were improvidently framed. Nonetheless, the underlying issue presented to us through the certified questions, namely whether Brandon Blessing should be admitted to the kindergarten program in Mason County, is easily answered. We find that he should have been admitted and that he had a right to the writ of mandamus for which he prayed; therefore, the judgment of the Circuit Court of Mason County is reversed and the case is remanded for further proceedings consistent to this opinion.

Certified questions as reframed by the Court, answered.

McGRAW, Justice, concurring:

I concur with the majority's implicit recognition of the due process component of access to public education in this State in order to briefly elucidate its theoretical underpinnings.

West Virginia Constitution art. XII, § 1 provides that, "The legislature shall provide, by general law, for a thorough and efficient system of free schools." In Syllabus Point 3 of *Pauley v. Kelly,* 162 W.Va. 672, 255 S.E.2d 859 (1979), this Court recognized that, "The mandatory requirements of 'thorough and efficient system of free schools' found in Article XII, § 1 of the West Virginia Constitution, make education a fundamental, constitutional right in this State."

West Virginia Constitution art. III, § 10 provides that, "No person shall be deprived of life, liberty, or property, without due process of law...." Under the nearly identical language of the fourteenth amendment, the United States Supreme Court, in *Goss v. Lopez,* 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725, 734–35 (1975), recognized "a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause."

Although the Court in *Goss* was concerned with exit from public school, by way of suspension, its rationale would apply with equal, if not greater, force to entry into public school, in the instant case at the kindergarten level. Therefore, procedural safeguards commensurate with the fundamental constitutional interest involved must be incorporated into the rules and regulations mandated by the majority in order for refusal to admit a child into kindergarten to pass constitutional muster.

BROTHERTON, Justice, dissenting:

I do not quarrel with the majority's interpretation of W.Va. Code § 18-5-18 as granting to school boards sufficient discretion to accommodate five-year-olds whose birthdays fall after September 1st, but I believe that the Mason County Board of Education exercised that discretion in this case and that it is not the function of this Court or any court to impose its will where an executive body was granted discretionary power and did not, in its exercise of said power, do so arbitrarily.

Moreover, a reading of § 18-5-18 *in pari materia* with other sections of the Code indicates that enforcement of the September 1st cut-off may be what the Legislature in fact intended. West Virginia Code § 18-5-18 requires county boards of education to provide kindergarten programs for all children who have reached age five by September 1st. This date was substituted for November 1st by an amendment in 1983. In the same session, the Legislature amended § 18-2-5 to say:

Notwithstanding any other provision of law which may be to the contrary, and notwithstanding the rulemaking powers given to the state board of education by this section, a child shall not be permitted to enter the public schools of this State in any school year, beginning with the school year [1983–84], unless such child be six years of age prior to September one of such school year....

This section on its face establishes a mandatory September 1st cut-off for attending first grade. Prior to 1983, § 18-2-5, like § 18-5-18, had specified November 1st as the cut-off date.

The interpretation given to § 18-5-18 by the majority thus could result in children who have completed kindergarten being unable to begin first grade the following year. I believe that the two sections, read together, evidence a legislative intent to make September 1st the cut-off for Kindergarten as well as first grade. At a minimum, the Board in this case was within its discretion when it denied admission to a child whose birthday fell after September 1st.

Any cut-off date will result in children who are very close in age being placed in different school classes. This "hardship", if it is one, is not the sort of "undue hardship" contemplated by the Court in *Detch v. Board of Education.* That case upheld a West Virginia Board of Education rule that denied admission to children who had not reached age 6 by November 1st. The cut-off in *Detch* was later in the year, but the child in that case, whose birthday fell

on November 3rd, felt a hardship very much like that which the Board would have "inflicted" in this case but for the majority's intervention.

For the foregoing reasons, I respectfully dissent.