# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**D.J., next friend and on behalf of
T.J., a minor child,
Plaintiff Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0237** (Mercer County 12-C-512)

**Mercer County Board of Education,
Mercer County Schools, and
Deborah S. Akers, Superintendent,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner D.J., next friend on behalf of T.J., by counsel Patrick Lane, appeals the "Order Denying Writ of Mandamus" entered by the Circuit Court of Mercer County on February 8, 2013. Respondents Mercer County Board of Education, Mercer County Schools, and Superintendent Deborah S. Akers, by counsel Kermit J. Moore, filed their response. Petitioner requests that this Court reverse the order dismissing the complaint and declare that T.J. is entitled to be admitted to the school or, in the alternative, be provided homebound education or other arrangement to ensure that T.J. is provided a free public education.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the parent of T.J., a minor child who was enrolled as a student in Mercer County. T.J. began the 2012-2013 school year as a seventh grade student. In September of 2012, respondents informed petitioner that T.J. would no longer be permitted to attend school. Petitioner was informed that although T.J. had received the vaccinations required by West Virginia Code § 16-3-4, he was no longer permitted to attend school because he had not received the new vaccinations required by interpretive rule West Virginia Code of State Rules § 64-95-8.[1]

In response, petitioner filed a petition for a writ of mandamus. Following a hearing on

---

[1]West Virginia Code of State Rules § 64-95-8, in pertinent part, requires that after June 1, 2012, and prior to the beginning of the school year 2012-2013, a Tdap vaccine booster and meningococcal vaccine shall be required for children attending middle and high schools in West Virginia and proof of vaccination shall be presented upon entry to the seventh and twelfth grades.

1

that motion, on February 8, 2013, the circuit court entered an order denying the requested writ. In that order, the circuit court states that it relies on the final order in related litigation in Kanawha County, Civil Action No. 12-F-1700. [2] In the Kanawha County action, plaintiffs challenged the validity of West Virginia Code of State Rules § 64-95-8, contending that the DHHR exceeded its authority by promulgating this interpretive rule. In its order, the Circuit Court of Kanawha County examined state and federal law and upheld the new vaccination requirements. In the instant case, the Circuit Court of Mercer County recognized that the Kanawha County order was not binding upon it, but went on to state that for the reasons articulated by the Circuit Court of Kanawha County, it likewise concludes that the vaccinations required by West Virginia Code of

---

[2]In the Kanawha County action, Civil Action No. 12-C-1700, the circuit court's "Final Order Dismissing Case," addressed certain vaccinations, finding that West Virginia Code § 16-3-4 is not inconsistent with West Virginia Code of State Rules § 64-95-4.1. That order also states that West Virginia Code § 16-3-4 requires a rubeola and a rubella vaccination but goes on to state that separate vaccines for these diseases are no longer available, citing a Centers for Disease Control internet site. The court noted that the only vaccine available to immunize against rubeola and rubella is the MMR vaccine (for measles, mumps, and rubella), which includes a vaccination for mumps. The circuit court, therefore, found that the inclusion of the mumps vaccine is completely consistent with West Virginia Code § 16-3-4. In addressing the Tdap vaccine, the circuit court found that West Virginia Code § 16-3-4 specifically requires that students entering school must have been vaccinated against tetanus, diphtheria, and pertussis, and those vaccines are given in a single shot, the DTaP (also referred to as Tdap).The circuit court further stated that studies show that the protection from this vaccine fades over time, so another dose is needed at approximately age eleven or twelve. The circuit court then determined that West Virginia Code § 16-3-4 includes Tdap as if Tdap was explicitly set forth in the statute.

In that order, the circuit court also addresses the Hepatitis B, Varicella, and Meningococcal vaccines jointly. The circuit court looks to the State Board of Education which has adopted West Virginia Code of State Rules § 126-51-5.2 (2012), which provides that students must be in compliance with the required immunization schedule as set forth by the Bureau of Public Health Commissioner. The circuit court further found that under the DHHR rule, the vaccines are lawfully required. The circuit court states that while West Virginia Code § 16-3-4 does not explicitly include these vaccinations, that does not prevent the defendants in that action from adding them to that list. It further found that the defendants relied upon the standards of medical practice used in that rule that incorporate the most current recommendations issued by the United States Department of Health and Human Services, Advisory Committee on Immunization Practices, the American Academy of Pediatrics, and the American Academy of Family Physicians. The rule was found to be entitled to substantial deference, as it represents the best judgment of a national group with undoubted expertise and experience whose judgments are vetted before the public. The circuit court also determined that the right to an education is not a "private right." This finding was based on the fact that a thorough and efficient education is meant to develop the student as a responsible and contributing member of society, and the United States Supreme Court's finding in *Plyler v. Doe*, 457 U.S. 202, 221 (1982), that education has a fundamental role in maintaining the fabric of our society. The Kanawha County court thereby dismissed Civil Action No. 12-C-1700.

State Rules § 64-95-8 are a valid exercise of the board of health's authority and that the immunizations are both lawful and mandatory. The Circuit Court of Mercer County attached the order from the Kanawha County action to its order.[3] It is from the Mercer County order that petitioner appeals.

> """A writ of mandamus will not issue unless three elements coexist- (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).' Syllabus point 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995)." Syllabus point 2, *Ewing v. Board of Education of Summers County*, 202 W.Va. 228, 503 S.E.2d 541 (1998).

Syl. Pt. 1, *State ex rel. ACF Industries, Inc. v. Vieweg*, 204 W.Va. 525, 514 S.E.2d 176 (1999). "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison County Com'n v. Harrison County Assessor*, 222 W.Va. 25, 658 S.E.2d 555 (2008). We review a circuit court's underlying factual findings and conclusions of law in a mandamus case under a clearly erroneous standard. *O'Daniels v. City of Charleston*, 200 W.Va. 711, 715, 490 S.E.2d 800, 804 (1997) (citing *Staten v. Dean*, 195 W.Va. 57, 62, 464 S.E.2d 576, 581 (1995)). In the case at bar, the circuit court found that petitioner did not meet the three criteria for a writ of mandamus to issue.

Petitioner asserts four assignments of error on appeal; however, petitioner sets forth argument on only three of his assignments of error. Petitioner first argues that the circuit court erred in failing to recognize the high standard that must be met in order to deny a child's fundamental constitutional right to public education in West Virginia. Petitioner points to the requirement of a thorough and efficient system found in Article XII, Section 1 of the West Virginia Constitution, which petitioner claims make education a fundamental, constitutional right in this state. Petitioner argues that respondents' actions to enforce the new compulsory immunizations rule violates the State Constitution and public policy by infringing upon T.J.'s fundamental constitutional right to an education. Petitioner contends that respondents cannot deny T.J. an education by not providing alternative arrangements on the ground that it would impose a financial burden on respondents. According to petitioner, T.J. has taken the vaccinations required by West Virginia Code § 16-3-4, but he has not taken those required by West Virginia Code of State Rules § 64-95-8.1. Petitioner describes the scheme of compulsory immunizations as arbitrary and capricious, resulting in disparate treatment. Petitioner concedes that he is out of compliance with the new immunization interpretive rule, but he argues that the rule does not supersede T.J.'s fundamental right to an education.

---

[3]The Kanawha County action was appealed to this Court in Appeal No. 12-1394. That action was dismissed as moot in light of the passage of Senate Bill 265 during the 2013 legislative session. Petitioner in Appeal No. 12-1394 filed a Petition for Rehearing, and that Petition was refused pursuant to this Court's order entered on September 24, 2013.

3

West Virginia Code of State Rules § 64-95-5.5 states that children who are delinquent for any required vaccinations or who have exceeded the provisional enrollment period will be considered out of compliance with the law and may be required to stop attending school until the appropriate vaccine(s) are received and the records amended. West Virginia Code of State Rules § 64-95-8.1 states that following the effective date of this rule, "all children entering middle school or high school are strongly encouraged to get the [Tdap and meningococcal vaccines] prior to the fall term in 2011." In reliance on this statement, petitioner contends that the vaccinations at issue are not mandatory. Petitioner's argument ignores West Virginia Code of State Rules § 64-95-8.2, which states:

> From and after June 1, 2012, and prior to the beginning of the school year 2012-2013, the [Tdap and meningococcal vaccines] shall be required for children attending middle and high schools in West Virginia. . . . Proof of vaccination shall be presented upon entry to the 7th and 12th grades, as indicated.

Further, West Virginia Code of State Rules § 64-95-8.3.b specifically states that proof of the Tdap vaccination shall be presented upon entry to the seventh grade, and West Virginia Code of State Rules § 64-95-8.4.b states that proof of the meningococcal vaccination shall be presented upon entry to the seventh grade. In terms of public policy, as set forth in West Virginia Code § 16-3-5(a), the legislature has found "that early immunization for preventable diseases represents one of the most cost-effective means of disease prevention."

The State Board of Education ("Board") is thus empowered to make rules under its constitutional authority to supervise the state schools. *W.Va. Bd. of Educ. v. Hechler*, 180 W.Va. 451, 455, 376 S.E.2d 839, 843 (1988). Courts generally defer to the Board when analyzing a rule of the Board due to the Board's constitutional grant of authority to supervise the State's educational system. *Randolph Co. Bd. of Educ. v. Adams*, 196 W.Va. 9, 15 n.7, 467 S.E.2d 150, 156 n.7 (1995). Included in the Board's authority is the authority to make rules "governing school attendance [] and such other matters [] as may seem to the state board to be necessary and expedient." *Detch v. Bd. of Educ. of Greenbrier County*, 145 W.Va. 722, 729, 117 S.E.2d 138, 142 (1960).

West Virginia Code of State Rules § 126-51-5.2 sets forth the Board's rule regarding immunizations. It requires that students be in compliance with the required immunization schedule as set forth by the Bureau Commissioner for the West Virginia Bureau for Public Health. Further, West Virginia Code of State Rules § 126-51-5.2.2 states:

> Beginning in the school year 2012-2013, two additional vaccine requirements shall be added for students entering the 7th and 12th grades, in accordance with the guidance from the Advisory Committee on Immunization Practices (ACIP) and the revised rule of the West Virginia Bureau for Public Health, 64CSR95. Proof of Tdap and Meningococcal vaccinations shall be presented upon entry to seventh and twelfth grade as indicated in Interpretive Rule, Immunization Requirements and Recommendations for New School Enterers, 64 CSR95. . . .

4

Further, West Virginia Code of State Rules § 126-51-5.2.2.a. requires proof of the Tdap vaccination for entry to the seventh grade, while West Virginia Code of State Rules § 126-51-5.2.2.c. requires proof of age appropriate MCV vaccination upon entry to the seventh grade. As this Court has found previously, "'[r]ule-making by the State Board of Education is within the meaning of 'general supervision' of state schools pursuant to art. XII, § 2 of the *West Virginia Constitution*, and any statutory provision that interferes with such rule-making is unconstitutional. . . .' Syllabus Point 2, in part, *West Virginia Bd. of Educ. v. Heckler*, 180 W.Va. 451, 376 S.E.2d 839 (1988)." Syl. Pt. 2, *Bd. of Educ. of Cnt'y of Kanawha v. W.Va. Bd. of Educ.*, 184 W.Va. 1, 399 S.E.2d 31 (1990).

Petitioner's second assignment of error is that the circuit court erred in drawing an arbitrary distinction that the fundamental right to an education in West Virginia is a "public right," rather than a "private right," and is therefore not held to as high a standard as infringement. In its order, the Circuit Court of Mercer County specifically found that the United States Supreme Court recognized that education "'has a fundamental role in maintaining the fabric of our society,' and, concomitantly, that a 'public education is a *public right*' [footnote omitted], not a private one subject to judicial enforcement." Petitioner cites no West Virginia authority that holds that providing an education to a student is a private right. A court's first concern when dealing with public schools is the impact of a decision on the education that the state's children will receive. *Hancock Cnt'y Bd. of Educ. v. Hawken*, 209 W.Va. 259, 262, 546 S.E.2d 258, 261 (1999). We conclude that by finding that the fundamental right to an education is a "public right," the lower court properly considered the effects that would flow to the State's children.

The third assignment of error addressed in petitioner's appeal is the contention that the circuit court erred by failing to properly analyze the denial of education through the equal protection and due process standards provided by West Virginia law. Petitioner's argument is based on the premise that the enforcement of the vaccination requirements set forth in the West Virginia Code of State Rules is discriminatory. Thus, petitioner contends that the State has to demonstrate a compelling state interest to justify enforcement of those rules, but that there is no such compelling state interest. Due to the fact that education is a fundamental right in this state, an interference with that right is subject to strict scrutiny, requiring the State to demonstrate that the action is narrowly tailored to promote a compelling interest. *Pauley v. Kelly*, 162 W.Va. 672, 708, 255 S.E.2d 859, 878 (1979). Because the protection of the health and safety of the public is one of the most important roles of the State, the requirement that the State's interest be compelling is satisfied. *State ex rel. Perry v. Miller*, 171 W.Va. 509, 512, 300 S.E.2d 622, 625 (1983). Importantly, in addition to providing classroom instruction, schools are also responsible for ministering to the health needs of children. *State v. Riddle*, 168 W.Va. 429, 439, 285 S.E.2d 359, 364 (1981).

Under West Virginia law, a student who does not comply with mandatory vaccination requirements may not be enrolled in public school. *See* W.Va. C.S.R. § 126-51-5; *see also* W.Va. C.S.R. § 64-95-8 and W.Va. Code § 16-3-4. Due to the fact that the Advisory Committee on Immunization Practices and the revised rule of the West Virginia Bureau for Public Health recommend or require boosters of the Tdap and meningococcal vaccines, the Board now requires proof of those vaccinations for entry into the seventh and twelfth grades. We, therefore, find that

5

the there is a compelling state interest for the rules requiring proof of these vaccinations to attend public school in this state.

For the reasons set forth herein, under the facts of this case, we find that petitioner is not entitled to a writ of mandamus. We further find that the circuit court's factual findings and conclusions of law were not clearly erroneous.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin

6