V. HUGH THOMAS, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 1 OF POPE COUNTY *et al.,* Defendants-Appellees.

Fifth District   No. 83—117

Opinion filed September 2, 1983.

Drach and Deffenbaugh, P.C., of Springfield, for appellant.

J. Lawrence Sanders, of James W. Sanders and Associates, of Marion, for appellees.

JUSTICE KARNS delivered the opinion of the court:

Verna Hugh Thomas, a tenured teacher in Community Unit School District No. 1 of Pope County, sought a declaratory judgment that the board of education acted capriciously and arbitrarily in requiring him to provide typed copies of final examinations and in placing a letter of remediation in his personnel file for failure to do so. The plaintiff appeals from the judgment of the circuit court of Pope County granting the defendant school board's motion for a directed verdict.

Thomas had taught in the school district for 11 years. In 1982, his principal required for the first time that Thomas, along with all other teachers, submit typed master copies of his examinations which would then be reproduced and submitted to his students. On May 3, 11 and 13, 1982, the teachers were reminded that typed examinations were due in the school office on May 14. In a conference with the principal on May 11, Thomas was told that although his handwriting was legible, he would be required to provide typed copies. On May 13, he turned in handwritten copies. On May 26, the school board placed in his personnel file a letter or remediation declaring him insubordinate for failing to provide typed copies on May 14. The board informed Thomas that his insubordination could lead to dismissal if not remedied. Thomas, on the day before receiving the letter, had complied with the requirement by providing typed copies prepared by a paid typist.

Recognizing that Thomas' compliance eliminated any issue related to his dismissal under section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12), we pass directly to the issue of whether the board of education may reasonably require all teachers to provide typed copies of their examinations. Although the rule requiring typing appears to have originated with the principal, he acted as the board's agent. By placing the letter of remediation in Thomas' file in support of the principal's demand, the board adopted the rule.

■ Thomas contends that it is unreasonable and, therefore, beyond the power of the school board to require typed examinations, a duty he considers onerous, time consuming, demeaning, and unrelated to his teaching responsibilities. We do not conclude that providing single typed copies of examinations is so remote from his admitted duty to prepare and submit examinations for approval and duplication, or so burdensome on his time and resources that the board cannot reasonably expect him to do it. The board may reasonably believe that typed examinations are a benefit to the students.

■ The board of education is statutorily empowered "[t]o adopt and enforce all necessary rules for the management and government of the public schools of their district." (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.5.) Subject to the requirement that the rules and regulations be reasonable (*Rulison v. Post* (1875), 79 Ill. 567; *Board of Education v. Bolton* (1899), 85 Ill. App. 92), "[t]he power of the board of education to control and manage the schools and to adopt rules and regulations necessary for that purpose is ample and full." (*Wilson v. Board of Education* (1908), 233 Ill. 464, 470, 84 N.E. 697, 698.) "[A] broad spectrum of implied incidental powers is to be inferred from the general power to adopt all necessary rules ***." *Beck v. Board of Education* (1975), 27 Ill. App. 3d 4, 8, 325 N.E.2d 640, 643.

■ Incidental powers include the right to assign non-classroom duties to teachers. In *District 300 Education Association v. Board of Education* (1975), 31 Ill. App. 3d 550, 553, 334 N.E.2d 165, 167, the court cites with approval the view that " ' "[a]ny teaching duty within the scope of the license held by a teacher may properly be imposed. The day in which the concept was held that teaching duty was limited to classroom instruction has long since passed." ' " (*Parrish v. Moss* (1951), 200 Misc. 375, 382, 106 N.Y.S.2d 577, 584, *aff'd* (1951), 279 A.D. 608, 107 N.Y.S.2d 580.) Extra duties related to the teacher's usual duties need not be written into the rules and regulations of the school board nor be the result of formal action by the school board. Duties which are not "onerous *** unreasonably time consuming *** demeaning to the professional stature of the teacher *** [or] made in a discriminatory manner" may be assigned, even if they occasion inconvenience to the teacher. (*District 300 Education Association v. Board of Education* (1975), 31 Ill. App. 3d 550, 554, 334 N.E.2d 165, 168.) The court in *District 300 Education Association* approved supervisory duties on weekday evenings and Saturdays.

We find no merit in Thomas' assertion that the board's rule is detrimental to his professional standing. Typing is a skill so generally considered an adjunct to academic pursuit it cannot demean a teacher

to learn or use it. Once learned, the skill could be kept sharp by practice, perhaps starting with repetitions of the legal maxim *De minimus non curat lex*. The teacher may nevertheless arrange to have the work done with little or no expense or with no more inconvenience than that caused by the requirement that he spend an evening or Saturday supervising school activities.

For the foregoing reasons, the judgment of the circuit court of Pope County is affirmed.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.